FILED
2020 APR 16 10:59 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-07865-4 SEA

# IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TAD O. WAHLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA USA FEDERAL CREDIT UNION; BOBBY W. ALEXANDER, Director; RONALD E. LEE, Director; KENT BERTHIAUME, Director; LORRAN J. SKINNER, Director; GERI M. WACKER, Director, RICHARD F. HAWLEY, Director, RAEDENE K. TURNER, Director,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Tad O. Wahlen ("Plaintiff") brings this case against Defendant Alaska Federal Credit Union and its Board of Directors ("AFCU" or "Defendant") for breach of fiduciary duty and the Washington Consumer Protection Act, arising out of Defendant's undisclosed practice of allowing auto dealers to mark up the approved interest rates on its auto

CLASS ACTION COMPLAINT – 1

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

loans.

## THE PARTIES

1. Plaintiff Tad O. Wahlen, at all times relevant hereto, was a resident of the State of Washington and a member of Defendant Alaska USA Federal Credit Union who financed the purchase of a motor vehicle with Defendant.

2. Defendant Alaska USA Federal Credit Union ("AFCU" or "Credit Union") is a federally chartered not-for-profit, member-owned financial services cooperative doing business throughout Washington, including within King County.

3. Defendant Bobby W. Alexander, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his duties as the chair of the AFCU Board of Directors.

4. Defendant Ronald E. Lee, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his duties as a member of the AFCU Board of Directors.

5. Defendant Kent Berthiaume, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his duties as a member of the AFCU Board of Directors.

6. Defendant Lorran J. Skinner, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his duties as a member of the AFCU Board of Directors.

7. Defendant Geri M. Wacker, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his/her duties as a member of the AFCU Board of Directors.

CLASS ACTION COMPLAINT – 2

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

8. Defendant Richard F. Hawley, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his duties as a member of the AFCU Board of Directors.

9. Defendant RaeDene K. Turner, at all times pertinent, was a resident and citizen of the State of Alaska and a member of the AFCU Board of Directors acting in the course and scope of his/her duties as a member of the AFCU Board of Directors.

### SERVICE ON THE ATTORNEY GENERAL

10. Counsel for Plaintiff are causing a copy of this pleading to be served contemporaneously with this filing on the Attorney General of Washington in accordance with RCW 19.86.095.

### JURISDICTION AND VENUE

11. The Court has jurisdiction over Defendant pursuant to RCW 4.28.185 because Defendant transacted business in the State of Washington.

12. Venue is proper pursuant to RCW 4.12.025 because Defendant transacts business in King County.

### BACKGROUND

13. AFCU is a federally chartered, not-for-profit cooperative designed to meet the credit and savings needs of consumers, especially persons of modest means, by affording them an opportunity to accumulate their savings and to provide affordable credit.

14. The contractual and fiduciary duties giving rise to the claims asserted in this action arise out of applicable rules and regulations governing the duties and obligations of federally chartered not-for-profit credit union associations and their directors, the AFCU

CLASS ACTION COMPLAINT – 3

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

membership agreement, the AFCU By-Laws and applicable policies and rules adopted by AFCU.

15. As a Federal Credit Union, AFCU is governed by the Federal Credit Union Act (the "Act") 12 U.S.C. § 1751 *et seq*. Among other things, the Act created the National Credit Union Administration ("NCUA") and provides that the NCUA shall adopt rules and regulations governing Federal Credit Unions, including AFCU.

16. In 2011, the NCUA passed a regulation clarifying the fiduciary duties of Federal Credit Union directors, which reads in pertinent part as follows:

> (b) Duties of Federal credit union directors. Each Federal credit union director has the duty to:
>
> (1) Carry out his or her duties as a director in good faith, in a manner such director reasonably believes to be in the best interests of the membership of the Federal credit union as a whole, and with the care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances;
>
> (2) Administer the affairs of the Federal credit union fairly and impartially and without discrimination in favor of or against any particular member…
>
> (4) Direct management's operations of the Federal credit union in conformity with the requirements set forth in the Federal Credit Union Act, this chapter, other applicable law, and sound business practices.

12 C.F.R. § 701.4.

17. A February 2011 Open Letter to all Federal Credit Unions from the NCUA Chairman, Debbie Matz, explains the fiduciary obligations on Credit Unions under § 701.4 as follows:

> Directors must always focus on the best interests of the membership as a whole. Credit unions are not-for-profit cooperatives designed to provide financial services to their member-owners. As such, a credit union's primary purpose is not to seek the biggest possible profit or return on assets (ROA); nor is it appropriate to seek asset growth just for the sake of growth.

CLASS ACTION COMPLAINT – 4

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

> The primary purpose of a credit union is to provide quality, low cost financial services that the members need. When making important decisions, directors should always keep in mind the following questions:
>
> 1. What financial services do my members need and want? How do I know this? Will my decision today help the credit union provide these member services in a quality manner and at low cost to the members?
>
> 2. The requirement for "reasonable inquiry" means that the more complex a decision, and the more important the decision is to the financial interests of the members, the more due diligence the directors need to do in an attempt to make a good decision.

18. As a result of the duties imposed pursuant to federal regulations and the Federal Credit Union Act, AFCU's Board of Directors are responsible for the general direction and control of the affairs of AFCU and owe a non-delegable fiduciary duty to represent the interests of its member-owners, to act in the best interests of the AFCU membership as a whole and to treat AFCU members-owners fairly and equally and without discrimination in favor of or against any particular member. AFCU Directors must also follow "other applicable law" and sound business practices.

19. AFCU's fiduciary duty to treat its member-owners fairly and equally and in a non-discriminatory manner and its duty to provide low cost financial services to its members includes the duty to disclose all facts which materially affect such member-owners' financial rights and interests and to disclose any information detrimental to its members' financial interests.

20. AFCU drafts and enters into an "Alaska USA Federal Credit Union Dealer Agreement" (Agreement) with various auto dealerships that assist member/owners in obtaining motor vehicle financing. These agreements specifically allow the dealer to unilaterally mark up the interest rate approved and offered by AFCU for the financing of its member-owners' motor vehicle purchase.

CLASS ACTION COMPLAINT – 5

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

21. The Annual Percentage Rate (APR) approved and offered by AFCU for the financing of its member-owners' motor vehicle purchases is commonly known and referred to in the industry as the "Buy Rate."

22. When the Buy Rate APR is unilaterally increased by the auto dealer, the increased APR is commonly known and referred to in the industry as the "Sell Rate" or "Contract Rate."

23. The monetary difference between the "Buy Rate" and the "Sell Rate," calculated over the duration of the loan period, is commonly known and referred to in the industry as the "Dealer Reserve."

24. On information and belief, AFCU's contractual agreements with auto dealers permit the auto dealer to arbitrarily and unilaterally increase the Buy Rate approved by AFCU in order to generate a Dealer Reserve. Because AFCU's costs are covered by the initial Buy Rate, the Dealer Reserve is pure profit.

25. On information and belief, AFCU's contractual agreements with auto dealers also contain a provision which allows AFCU to split the additional profit generated by Dealer Reserve where AFCU retains 30 percent of the Dealer Reserve, with the remaining 70 percent paid to the dealer.

26. AFCU has a policy of keeping secret from its member-owners the Buy Rate offered to the member, when the dealer increases the Buy Rate in order to create Dealer Reserve. AFCU keeps its Dealer Reserve practices confidential and considers such information to be proprietary.

27. AFCU's agreements allowing auto dealers to arbitrarily and unilaterally increase the Buy Rate approved by AFCU for its member-owner results in unequal and discriminatory treatment in favor of or against other similarly situated AFCU members with respect to the interest rate/APR offered to AFCU member-owners in violation of the defendant directors'

CLASS ACTION COMPLAINT – 6

fiduciary duties to treat AFCU member-owners fairly, equally and without discrimination in favor of or against other AFCU members.

28. By ignoring its fiduciary responsibility to disclose all material information to its member-owners and not to discriminate against certain member-owners in favor of other owner-members, member-owners who obtain AFCU financing through an auto dealer often pay hundreds or thousands of dollars more in interest over the life of their loans than member-owners who did not obtain AFCU loan approval through an auto dealer. AFCU's secret policy of permitting auto dealers to unilaterally and arbitrarily increase the Buy Rate of AFCU members allows AFCU to make hidden profits off those member-owners who obtain AFCU financing through an auto dealer. However, due to the secrecy of AFCU's agreement with participating auto dealers and the policy of not disclosing the actual Buy Rate, member-owners, like Plaintiff, remain completely unaware that the APR/interest rate presented to them by the auto dealer was unilaterally and arbitrarily increased by the dealer above the Buy Rate approvedby AFCU.

29. AFCU's practice of sharing in the undisclosed dealer reserve also breaches its duty to operate in a manner consistent with the best interests of the membership because allowing auto dealers to arbitrarily decide whether and how much to mark up the Buy Rate does not benefit any member and is inconsistent with the underlying purpose of the Federal Credit Union Act to act in the best interests of its membership and to avoid policies which result in unfair or discriminatory treatment between similarly situated AFCU owner-members.

**PLAINTIFF WAHLEN'S FACTS**

30. On or about March 4, 2017, Plaintiff Wahlen purchased a used 2014 Ford Expedition from Sunset Trucks in Puyallup, Washington.

CLASS ACTION COMPLAINT – 7

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

1    31.    At the same time that Wahlen purchased and financed the Expedition, he became
2  a member-owner of AFCU.
3    32.    As a member-owner of AFCU at the time he purchased the Expedition and
4  thereafter, AFCU owed Wahlen a fiduciary duty to represent his interests and to avoid policies
5  or practices that would result in unfair, unequal or discriminatory treatment between Wahlen
6  and other similarly situated member-owners.
7    33.    During the process of securing financing with the assistance of Sunset Trucks,
8  AFCU sent a document to Sunset Trucks approving Plaintiff Wahlen's financing at an interest
9  rate/APR of 4.29% (Buy Rate) over an 84 month installment period.
10   34.    Instead of informing Wahlen that AFCU had approved the financing of his
11 vehicle purchase at an interest rate/APR of 4.29% (Buy Rate), Sunset Trucks presented Wahlen
12 with loan closing documents obligating Wahlen to make installment payments to AFCU based
13 on an interest rate/APR of 5.24% (Sell Rate), which loan closing documents Wahlen executed.
14   35.    Over the course of the loan term, the undisclosed increase in the interest
15 rate/APR of .95% above the approved Buy Rate was anticipated by AFCU to result in the
16 payment by Wahlen of more than $1,500.00 in excess of what he would have paid to finance his
17 motor vehicle had his vehicle been financed at the Buy Rate for which AFCU had approved for
18 him.
19   36.    As a direct and proximate result of the surreptitious mark-up of the AFCU Buy
20 Rate for which Wahlen had been approved, Wahlen sustained an economic loss in the amount
21 of the Dealer Reserve i.e., the monetary consequence of paying interest on the loan at the Sell
22 Rate rather than the Buy Rate.
23   37.    In violation of its fiduciary responsibilities as set forth herein and established
24 pursuant to applicable rules and regulations governing the duties of federally chartered not-for-
25 profit credit union associations and their directors and the AFCU By-Laws and Membership
26
27 CLASS ACTION COMPLAINT – 8

Kirk D. Miller, P.S.
                                                                421 W. Riverside Ave., Ste. 660
                                                                Spokane WA 99201
                                                                Phone: (509) 413-1494

1  Agreement, AFCU did not disclose the Buy Rate approved by AFCU for Wahlen, it did not
2  disclose the auto dealer's mark up and it did not disclose that AFCU was making an undisclosed
3  profit on the transaction up to 30 percent of the Dealer Reserve.

4      38.    In violation of its fiduciary responsibilities as set forth herein and established
5  pursuant to the rules and regulations governing the duties of federally chartered not-for-profit
6  credit union associations and their directors and the AFCU By-Laws and Membership
7  Agreement, AFCU took no steps to require the auto dealer to disclose the Buy Rate offered to
8  Wahlen and took no steps to directly disclose to Wahlen the Buy Rate for which he had been
9  approved by AFCU, either before or after the loan documents were executed.

10     39.    On information and belief, AFCU secretly collected up to 30 percent of the
11 Dealer Reserve resulting from the increased interest rate undisclosed to its owner-member
12 Wahlen.

13     40.    On or about March 24, 2020, Plaintiff discovered for the first time that the
14 interest rate/APR for which he had been approved by AFCU was 4.29% (Buy Rate) but had
15 been marked up without his knowledge to an interest rate/APR of 5.24% (Sell Rate), resulting
16 in the economic loss described herein.

## CLASS ACTION ALLEGATIONS

19     41.    Plaintiff re-alleges paragraphs 1 through 40 as if fully set forth herein and further
20 alleges as follows:

21     42.    Plaintiff brings this action as a Class Action pursuant to Washington Rule of
22 Civil Procedure 23 on behalf of the following Class:

> All Alaska USA Federal Credit Union members, residing in Washington, who financed a vehicle through Alaska USA and where the Buy Rate offered by AFCU was increased by the auto dealer.

CLASS ACTION COMPLAINT – 9

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

43. The Class Period runs from the date four years prior to the filing of the original Complaint in this matter and runs through the date that this Court orders Notice to the class.

44. The members of the Class are so numerous that joinder of all members is impracticable. Details of the exact number of motor vehicle loans financed by AFCU which resulted in a Dealer Reserve will be available through Defendant's business records and computer files. On information and belief, there are thousands of class members.

45. The representative Plaintiff's claims are typical of the claims of the Class he seeks to represent because Plaintiff and all members of the putative class at issue sustained damages arising out of AFCU's standard practice of allowing auto dealers to charge its member-owners Dealer Reserve without disclosing this practice to its member-owners.

46. Although the specific amount of each Dealer Reserve Fee differs, each individual amount can be easily determined based on a simple review of the AFCU documents showing the Buy Rate and Sell Rate.

47. Plaintiff will fully and adequately protect the interests of the absent class members. Plaintiff have retained counsel experienced in class action litigation, including unfair and deceptive practices, and who are competent to successfully prosecute the actions asserted herein. Plaintiff has no interests that are contrary to or in conflict with the class members she seeks to represent.

48. Questions of law and fact common to class members predominate over any questions affecting only individual members, and Defendant has acted on grounds generally applicable to all class members. The predominating common questions in this case are whether AFCU's practice of financially incentivizing auto dealers to surreptitiously increase the interest rate/APR for which they have been approved to obtain Dealer Reserve profits violates AFCU's fiduciary duties to its membership and the applicable provisions of RCW 19.86. These common issues arise from the duties and obligations of AFCU as created pursuant to applicable rules and

CLASS ACTION COMPLAINT – 10

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

regulations governing the duties and obligations of federally chartered not-for-profit credit union associations and their directors and the AFCU By-Laws and Membership Agreement and will affect all members of the class that have been charged an undisclosed Dealer Reserve.

49. In view of the similarities in the legal, factual and damages issues facing class members, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. There are no difficulties involved in this action that would cause the intractable management issues that would preclude this action from proceeding to trial as a class action. It is highly unlikely that many members of the Class will have a reasonable opportunity to recover any damages absent a class action proceeding. This is especially true in this case because of AFCU's practice of keeping the Dealer Reserve mark up a secret.

## CLAIMS FOR RELIEF

### COUNT I
### Breach of Fiduciary Duty

50. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-49 as if fully set forth herein.

51. Because credit unions are not-for-profit cooperatives that are owned by their members and whose primary purpose is to meet the credit and savings needs of their members fairly and without discrimination, credit unions, through their directors, owe a fiduciary duty to their owner-members.

52. These fiduciary duties arise pursuant to applicable rules and regulations governing the duties and obligations of federally chartered not-for-profit credit union associations and their directors and the AFCU By-Laws and Membership Agreement.

53. Parties must disclose to the individuals to whom they owe a fiduciary duty any material facts and must disclose any self-dealing that acts to the detriment of those to whom the party owes a fiduciary duty.

CLASS ACTION COMPLAINT – 11

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

54. The mark up of the Buy Rate by the dealer in accordance with the terms of the AFCU dealer agreement is a material fact adversely affecting Plaintiff Wahlen's and other similarly situated member-owners' economic interests.

55. With the knowledge and contractual consent of AFCU, dealers routinely mark-up the interest rate/APR for which its member-owners have been approved for the financing of motor vehicles without ever disclosing to the member-owner that the interest rate/APR presented to the member-owner is higher than the interest rate for which they were approved by AFCU.

56. AFCU does not disclose that the interest rate/APR for which the member was approved is not the interest rate/APR disclosed by the dealer, so the member is unaware that the member can obtain the AFCU Buy Rate or negotiate the interest rate/APR presented to the member.

57. AFCU does not disclose that it retains an undisclosed profit on the transaction equal to 30 percent of the Dealer Reserve, to the financial detriment of the member-owner.

58. As a direct and proximate result of the breach of their fiduciary obligations as described herein, Plaintiff and similarly situated owner-members of AFCU have been treated differently than other similarly situated members and have sustained substantial economic losses, collectively in the millions of dollars.

59. The acts and omissions of Defendant as described herein are in breach of fiduciary duties owed by AFCU to its member-owners whose interest rate/APR has been surreptitiously marked up, resulting in an undisclosed Dealer Reserve charge to the detriment of the affected member-owners and are contrary to the best interests of the membership as a whole.

60. Plaintiff asserts this claim under the Federal Credit Union Act and the By-Laws and Membership Agreements of AFCU and assert no claims or challenges under the auto purchase agreements referenced herein. Plaintiff seeks no recovery or relief from any auto

CLASS ACTION COMPLAINT – 12

dealer and do not seek to invalidate any portion of any auto purchase agreement through this action.

## COUNT II

### Violation of the Washingon Consumer Protection Act

61. Plaintiff re-alleges and incorporates the allegations in paragraphs 1-65 as if fully set forth herein.

62. Plaintiff Wahlan and Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

63. Pursuent to RCW 19.86.020, "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.

64. By presenting the consumer-member with documents that identify AFCU as the lender providing financing at the marked-up interest rate, auto dealers and AFCU hide the material fact that AFCU actually approved the transaction at a lower interest rate and that it was the auto dealer that unilaterally increased the interest rate presented to the consumer-member, which is deceptive and unfair in violation of RCW 19.86.020.

65. By keeping secret the Buy Rate for which its member-owners have been approved and by contracting with auto dealers to allow them to unilaterally mark up the Buy Rate approved by the Credit Union without disclosing the mark up to its member-owners and retain the majority of undisclosed profit, Defendant egages in a deceptive and unfair practice in violation of RCW 19.86.020.

66. Defendant's knowing and intentional concealment that AFCU entered into agreements with auto dealers to mutually profit at their member-owners' expense by splitting the Dealer Reserve resulting from the surreptitious increase of the interest rate/APR for which the member-owner was approved by AFCU which is deceptive and unfair in violation of RCW 19.86.020.

CLASS ACTION COMPLAINT – 13

67. Defendant's violation of of RCW 19.86.020 as described herein has resulted in ascertainable losses to Plaintiffs and the class members equal to the amount of additional interest paid on their loans above the Buy Rate i.e., Dealer Reserve.

68. Plaintiff asserts no claims or challenges under the auto purchase agreements referenced herein. Plaintiffs seek no recovery or relief from any auto dealer and does not seek to invalidate any portion of any auto purchase agreement through this action.

69. Defendant's unfair and deceptive acts or practices have impacted the public interest because they have injured Plaintiff Wahlan and thousands of Washington residents by charging them excess interest.

70. Defendant's wrongdoing is continuing in nature and represents an ongoing threat to Plaintiff Wahlan and Class members, particularly since Defendant continues to make loans to Washington residents without disclosing the dealer markup. Thus, Plaintiff Wahlan and Class members will suffer continuing, immediate, and irreparable injury absent the issuance of injunctive and equitable relief.

71. Plaintiff Wahlan and Class members are entitled to recover actual damages, treble damages, and injunctive and equitable relief. In addition, Plaintiff Wahlan and Class members are entitled to recover attorneys' fees and costs pursuant to RCW 19.86.090.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

A) A finding that the prerequisites for class certification pursuant to Washington Rule of Civil Procedure 23(a) and Rule 23(b)(3) have been established;

B) Certifying the Class as defined herein;

CLASS ACTION COMPLAINT – 14

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494

Case 2:20-cv-00755   Document 1-1   Filed 05/20/20   Page 20 of 30

1      D)     A finding that Plaintiff is adequate Class Representatives and appointing him to represent the Class;

     E)     A finding that Plaintiff's counsel are adequate and appointing them to act as Class Counsel on behalf of the certified Class; and

     F)     An order awarding damages to Plaintiff individually and to the Class members pursuant to Counts I and II.

     G)     An award of reasonable Class Representative Award to the Named Plaintiff;

     H)     Treble damages as allowed under RCW 19.86.090;

     I)      Recovery of all reasonable attorney's fees and costs incurred pursuant to RCW 19.86.090;

     J)     Costs and interest as permitted by law;

     K)     Punitive damages as permitted at common law;

     L)     Such other and further equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 16th day of April, 2020.

                       KIRK D. MILLER, P.S.

                       s/ *Kirk D. Miller*
                       Kirk D. Miller, WSBA #40025
                       Attorney for Plaintiff
                       Email: kmiller@millerlawspokane.com
                       421 W. Riverside Ave., Suite 660
                       Spokane WA 99201

                       BURGER MONTAGUE

                       s/ *E. Michelle Drake*
                       E. Michelle Drake, *pro hac vice forthcoming*
                       Joseph C. Hashmall, *pro hac vice forthcoming*
                       Email: emdrake@bm.net

Email: jhashmall@bm.net
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel.: 612-594-5999
Fax: 612-584-4470
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT – 16

Kirk D. Miller, P.S.
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494